## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| THE GREATER BIBLE WAY MIRACLE TEMPLE | ) | |
| INTERNATIONAL FELLOWSHIP, INC., | ) | CASE NO. 08-68542-JEM |
| | ) | |
| Debtor. | ) | JUDGE MASSEY |
| | ) | |
| _____ | ) | |
| | ) | |
| WACHOVIA BANK, NATIONAL ASSOCIATION | ) | CONTESTED MATTER |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE GREATER BIBLE WAY MIRACLE TEMPLE | ) | |
| INTERNATIONAL FELLOWSHIP, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### MOTION FOR ENTRY OF ORDER CONDITIONING AND VACATING THE AUTOMATIC STAY PURSUANT TO ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. §362

**COMES NOW**, Wachovia Bank, National Association ("Wachovia"), and files this Motion for Entry of Order Conditioning and Vacating the Automatic Stay Pursuant to Order on Wachovia Bank, National Association's Motion for Relief from Automatic Stay of 11 U.S.C. § 362 and respectfully shows the Court as follows:

### JURISDICTION & VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334(b).  The Motion is a core matter pursuant to 28 U.S.C. § 157(b) and a contested matter under Fed. R. Bankr. P. 9014.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On May 5, 2008 (the "Petition Date"), The Greater Bible Way Miracle Temple International Fellowship, Inc. ("Debtor") filed a Voluntary Petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.      Debtor has operated its business since the Petition Date as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      Debtor is indebted to Wachovia by virtue of that certain Promissory Note dated March 14, 2006, in favor of Wachovia in the original principal amount of $1,700,000.00 (the "First Note").

5.      The First Note is secured by, among other things, the real property identified in that certain Deed to Secure Debt and Assignment of Rents dated March 14, 2006 (the "Real Estate"), and recorded in Deed Book No. 42243, Page 265, records of Fulton County Georgia (the "Deed to Secure Debt").

6.      Debtor is further indebted to Wachovia by virtue of that certain Promissory Note dated April 27, 2006, in favor of Wachovia in the original principal amount of $25,000.00 (the "Second Note" and with the First Note, the "Notes").

7.      The Second Note is secured by, among other things, that certain 2000 Mercedes S500 automobile, VIN# WDBNG75J1YA080523 (the "Vehicle") as set forth in that certain Security Agreement dated April 27, 2006, pursuant to which Debtor granted Wachovia a security interest in said automobile (the "Security Agreement").

8.      Pursuant to the Order on Wachovia Bank, National Association's Motion for Relief from Automatic Stay of 11 U.S.C. § 362 dated December 23, 2008 (the "Order"), Debtor was ordered to make a payment of $13,262.82 to Wachovia on or before January 3, 2009, and on

2

the third day of each consecutive month thereafter until confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the First Note.

9.      In addition, Debtor was ordered to make a payment in the amount of $501.45 to Wachovia immediately upon the entry of the Order and on the sixteenth day of each consecutive month thereafter until confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the Second Note.

10.      The Order provided that upon Debtor's failure to timely make any payment due to Wachovia and upon the failure to cure after notice given, the Court would enter an order, without further notice or hearing, vacating the automatic stay of 11 U.S.C. § 362 to allow Wachovia to proceed with its state law rights and remedies to recover and dispose of the Vehicle and to recover and dispose of the real property pursuant to applicable non-bankruptcy law including foreclosure, and, if appropriate, to confirm the foreclosure sale and to amend its claim for any resulting deficiency.

11.      Debtor has not made payments in accordance with the terms of the Order. Specifically, Debtor has not paid the $13,262.82 due on January 3, 2009 or the $501.45 due on January 16, 2009. Ulmer Affidavit ¶ 9. As such, Debtor has defaulted under the terms of the Order. The Affidavit of Jim Ulmer, Senior Vice President of Wachovia is attached hereto as Exhibit A and incorporated herein by reference.

12.      As required by the Order, Wachovia provided notice of the default to Debtor and Debtor's counsel in the form of a letter dated January 29, 2009. Ulmer Affidavit ¶ 10. According to the return receipt received by Wachovia's counsel, Debtor and Debtor's counsel received the notice on January 30, 2009. Ulmer Affidavit ¶ 10. Three business days from the date the notice was received elapsed on February 4, 2009. Ulmer Affidavit ¶ 11. Debtor has not

3

cured the default and the payments due on January 3, 2009 and January 16, 2009 remain unpaid. Ulmer Affidavit ¶ 12.

13.    Since Debtor has defaulted under the terms of the Order by not making its required payments, Wachovia is entitled to the entry of enter an Order granting Wachovia relief from the automatic stay without further notice or hearing.

14.    Notwithstanding that Wachovia is now entitled to relief from the automatic stay, Wachovia agrees that the continuation of the automatic stay, with respect to the Vehicle only, shall be conditioned upon the Debtor making payments on the Second Note of $501.45 to be received by Wachovia no later than the 27th of each consecutive month beginning March, 2009 through August, 2009.  In the event that these payments are not received by Wachovia by the specified dates, the Debtor agrees that the stay shall be vacated without any further hearing or notice so that Wachovia may exercise its rights and remedies against the Vehicle including repossession and sale of the Vehicle under state law and the Loan Documents.

### RELIEF REQUESTED

**WHEREFORE**, Wachovia prays that the Court enter an Order in the form attached hereto as Exhibit B (i) granting relief from of the Automatic Stay imposed by 11 U.S.C. § 362(a) so that Wachovia may exercise its rights and remedies against the real property including, but not limited to, the right to conduct a foreclosure sale, to confirm the sale and file its proof of claim in this case to the extent of any deficiency from the sale, (ii) conditioning the continuation of the Automatic Stay imposed by 11 U.S.C. § 362(a) so that Wachovia may exercise its rights and remedies against the Vehicle including repossession and sale of the Vehicle under state law and the Loan Documents in the event that the Debtor defaults on the payments provided for in this

CORP\1335033.3

Motion, without further hearing or notice, and (iii) for such other and further relief as the Court

deems just and proper.

This 13th day of March, 2009.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Michael S. Haber*
Michael S. Haber
Georgia Bar No. 316250
Nicholas J. Roecker
Georgia Bar No. 211708

Smith, Gambrell & Russell, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia 30309
404-815-3500

CORP\1335033.3

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 11 |
| THE GREATER BIBLE WAY MIRACLE TEMPLE | ) |
| INTERNATIONAL FELLOWSHIP, INC., | ) CASE NO. 08-68542-JEM |
| | ) |
| Debtor. | ) JUDGE MASSEY |
| _____ | ) |

## AFFIDAVIT OF JIM ULMER

**PERSONALLY APPEARED** before the undersigned attesting officer duly authorized

to administer oaths, JIM ULMER, who, being first duly sworn, deposed and stated as follows:

      1.     I am a Senior Vice President of Wachovia Bank, National Association

("Wachovia").

      2.     I have been a loan officer for Wachovia for approximately 13 years.

      3.     The Greater Bible Way Miracle Temple International Fellowship, Inc. ("Debtor")

is indebted to Wachovia by virtue of that certain Promissory Note dated March 14, 2006, in favor

of Wachovia in the original principal amount of $1,700,000.00 (the "First Note").

      4.     The First Note is secured by, among other things, the real estate identified in that

certain Deed to Secure Debt and Assignment of Rents dated March 14, 2006, and recorded in

Deed Book No. 42243, Page 265, records of Fulton County, Georgia (the "Deed to Secure

Debt").

      5.     Debtor is further indebted to Wachovia by virtue of that certain Promissory Note

dated April 27, 2006, in favor of Wachovia in the original principal amount of $25,000.00 (the

"Second Note" and, together with the First Note, the "Notes").

      6.     The Second Note is secured by, among other things, that certain 2000 Mercedes

S500 automobile, VIN# WDBNG75J1YA080523 (the "Vehicle") as set forth in that certain

Security Agreement dated April 27, 2006, pursuant to which Debtor granted Wachovia a security interest in said automobile.

7.      Debtor has defaulted under the terms of the Notes and the other loan documents by, among other things, failing to make payments as they came due.

8.      On December 23, 2008, the Bankruptcy Court (the "Court") entered an order in the above referenced Bankruptcy Case entitled ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C.§ 362 (the "Order").   Under the terms of the Order, Debtor is required to make a payment of $13,262.82 to Wachovia on or before January 3, 2009, and on the third day of each consecutive month thereafter until the confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the First Note.  In addition, Debtor was ordered to make a payment in the amount of $501.45 to Wachovia immediately upon the entry of the Order and on the sixteenth day of each consecutive month thereafter until the confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the Second Note.

9.      Debtor has not paid the $13,262.82 due on January 3, 2009 or the $501.45 due on January 16, 2009.

10.     Pursuant to the Order, Wachovia provided notice of Debtor's default to Debtor and Debtor's counsel on January 29, 2009.  A copy of the notice is attached as Exhibit A hereto. According to the return receipt received by Wachovia's counsel, Debtor and Debtor's counsel received the notice on January 30, 2009.  A copy of the return receipts is attached as Exhibit B hereto.

11.     Debtor had three business days from the receipt of the notice to cure its default of the Order and pay to Wachovia $13,764.27.  Three business days from the date the notice was received elapsed on February 4, 2009.

-2-

CORP\1334978.2

12.    As of the date of this Affidavit, Debtor has not paid to Wachovia the amounts due from January 3, 2009 or January 16, 2009.   In addition, Wachovia has not received any amounts for the payments due on February 3, 2009 or February 16, 2009.

**FURTHER AFFIANT SAYETH NOT.**

This __17__ day of February, 2009.

_(signature)_ SVP
JIM ULMER

Sworn to and subscribed
before me this _17th_ day
of February, 2009

_(signature)_ Kirsten J Williams
Notary Public

[NOTARIAL SEAL]

_(notary seal: KIRSTEN J WILLIAMS, NOTARY PUBLIC, MY COMM. EXP. AUGUST 16, 2009, DEKALB COUNTY, GA.)_

-3-

CORP\1334978.2

**Exhibit A**

Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
Tel: 404 815-3500
Fax: 404 815-3509              SMITH, GAMBRELL & RUSSELL, LLP
www.sgrlaw.com                Attorneys at Law

Michael S. Haber
Direct Tel:  404-815-3534
Direct Fax:  404-685-6834           January 29, 2009
mhaber@sgrlaw.com


**VIA CERTIFIED MAIL—**
**RETURN RECEIPT REQUESTED**

Dorna Jenkins Taylor
Taylor & Associates, LLC
Suite 500
1401 Peachtree Street
Atlanta, GA 30309

      Re:    The Greater Bible Way Miracle Temple International Fellowship, Inc.
              Chapter 11; Case No. 08-68542-JEM

Ms. Taylor:

On December 23, 2008, the Bankruptcy Court (the "Court") entered an order in the above referenced Bankruptcy Case entitled ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C.§ 362 (the "Order"). Our client informs us that The Greater Bible Way Miracle Temple International Fellowship, Inc. ("Debtor") has failed to comply with the Order in that Debtor has failed to make payments to Wachovia Bank, National Association ("Wachovia"). The purpose of this letter is to provide notice of Debtor's default of the terms of the Order.

Specifically, the Debtor defaulted under the terms of the Order by:

(i)  failing to make payment in the amount of $13,262.82 on that certain Promissory Note dated March 14, 2006, in favor of Wachovia in the original principal amount of $1,700,000.00 (the "First Note"), which is secured by real estate described in the Deed to Secure Debt recorded in the records of the Clerk's Office of the Superior Court of Fulton County, Georgia; and

(ii)  failing to make payment on the amount of $501.45 on that certain Promissory Note dated April 27, 2006, in favor of Wachovia in the original principal amount of $25,000.00 (the "Second Note"), which is secured by a 2000 Mercedes S500 automobile, VIN No. WDBNG75J1YA080523 (the "Vehicle").



*Atlanta, Georgia  |  Frankfurt, Germany  |  Jacksonville, Florida  |  Washington, D.C.*

Dorna Jenkins Taylor
January 29, 2009
Page 2

The Order allowed the automatic stay of 11 U.S.C. § 362 to remain in full force and effect on the condition that Debtor make periodic payments to Wachovia. Debtor was ordered to make a payment of $13,262.82 to Wachovia on or before January 3, 2009, and on the third day of each consecutive month thereafter until confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the First Note.

In addition, Debtor was ordered to make a payment in the amount of $501.45 to Wachovia immediately upon the entry of the Order and on the sixteenth day of each consecutive month thereafter until confirmation of a chapter 11 plan providing for the repayment of the entire obligation owed on the Second Note. Debtor has not made payments in accordance with the terms of the Order. Specifically, Debtor has not paid the $13,262.82 due on January 3, 2009 or the $501.45 due on January 16, 2009. As such, Debtor has defaulted under the terms of the Order.

Pursuant to the Order, Wachovia is required to provide notice of Debtor's default to Debtor's counsel and to send a copy of the notice to Debtor. This letter is to provide Debtor's counsel with notice of Debtor's default of the terms of the Order. If Debtor does not cure the default within three business days from the date of this letter, Wachovia is entitled to submit to the Court, and to serve Debtor and Debtor's counsel, with a delinquency motion and an Affidavit, with this letter attached as an exhibit, setting forth that the agreed upon notice was given and that the Debtor failed to cure the default. Without further notice or hearing, Wachovia shall be entitled to an order from the Court vacating the automatic stay of 11 U.S.C. § 362 to allow Wachovia to proceed with its state law rights and remedies to recover and dispose of the Vehicle and to dispose of the real property pursuant to applicable non-bankruptcy law including foreclosure, and, if appropriate, to confirm the foreclosure sale and to amend its claim in the Bankruptcy Case for any resulting deficiency.

PLEASE TAKE NOTICE that Debtor has three business days from the receipt of this letter to cure Debtor's default of the Order and pay to Wachovia the sum of $13,764.27 owed under the terms of the Order. Upon the Debtor's failure to pay this amount within three business days of the receipt hereof, Wachovia will move to the Court for an order granting relief from the automatic stay of 11 U.S.C. § 362 without further notice or hearing. Wachovia will then be entitled to exercise its state law rights and remedies to recover and dispose of the Vehicle and to recover and dispose of the real property pursuant to applicable non-bankruptcy law, including foreclosure.

SMITH, GAMBRELL & RUSSELL, LLP
Attorneys for Wachovia Bank, National Association

Michael S. Haber

MSH/njr

cc:    The Greater Bible Way Miracle Temple International Fellowship, Inc. (via Certified Mail)
       Mr. Jim Ulmer (via Email)
       John T. Vian, Esq. (via Email)

<u>Exhibit B</u>





# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| THE GREATER BIBLE WAY MIRACLE TEMPLE | ) | |
| INTERNATIONAL FELLOWSHIP, INC., | ) | CASE NO. 08-68542-JEM |
| | ) | |
| Debtor. | ) | JUDGE MASSEY |
| ———————————————————— | ) | |
| | ) | |
| WACHOVIA BANK, NATIONAL ASSOCIATION | ) | CONTESTED MATTER |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE GREATER BIBLE WAY MIRACLE TEMPLE | ) | |
| INTERNATIONAL FELLOWSHIP, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————————— | ) | |

**ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S MOTION FOR**
**ENTRY OF ORDER CONDITIONING AND VACATING THE AUTOMATIC STAY**
**PURSUANT TO ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. §362**

This matter came before the Court on the Motion for Entry of Order Conditioning and
Vacating the Automatic Stay Pursuant to the Order on Wachovia Bank, National Association's
Motion for Relief from Automatic Stay of 11 U.S.C. § 362 filed by Wachovia Bank, National
Association ("Wachovia") on March 13, 2009. The Motion having been read and considered, and
it appearing to the Court that (i) The Greater Bible Way Miracle Temple International
Fellowship, Inc. ("Debtor") has not made payments to Wachovia in accordance with that Order
on Wachovia Bank, National Association's Motion for Relief from Automatic Stay of 11 U.S.C.
§ 362 dated December 23, 2008 (the "First Order"), (ii) specifically, Debtor has not paid the
$13,262.82 due on January 3, 2009 or the $501.45 due on January 16, 2009, (iii) Wachovia has
provided notice of Debtor's default to Debtor and Debtor's counsel, (iv) three business days have
elapsed since Debtor and Debtor's counsel received notice of Debtor's default, (v) Debtor has
not cured its default by fully paying Wachovia the amount Debtor owes pursuant to the First
Order, (vi) Wachovia now has the right to have the stay vacated to allow it to proceed with its
state law rights and remedies to recover and dispose of the Vehicle and to dispose of the Real
Estate pursuant to applicable non-bankruptcy law including foreclosure, and, if appropriate, to
confirm the foreclosure sale and to amend its claim in this case for any resulting deficiency, (vii)
notwithstanding that Wachovia is now entitled to relief from the automatic stay, Wachovia has
agreed to condition the continuation of the automatic stay, with respect to the Vehicle only, upon
the Debtor making payments on the Second Note of $501.45 to be received by Wachovia no later
than the 27th of each consecutive month beginning March, 2009 through August, 2009, and (viii)
in the event that that these payments are not received by Wachovia by the specified dates, the
Debtor agrees that the stay shall be vacated without any further hearing or notice so that

2

Wachovia may exercise its rights and remedies against the Vehicle, including repossession and sale of the Vehicle under state law and the Loan Documents, it is therefore hereby

**ORDERED** that the automatic stay of 11 U.S.C. § 362, with respect to the Vehicle only, shall be conditioned on the Debtor making payments of $501.45 on the Second Note to be received by Wachovia no later than the 27th of each consecutive month beginning March 2009 through August 2009. In the event that these payments are not received by Wachovia on the specified dates, the stay shall be vacated without any further notice or hearing to allow Wachovia to proceed with its state law rights and remedies to recover and dispose of the Vehicle and, if appropriate, to confirm the foreclosure sale and to amend its claim in this case for any resulting deficiency. It is

**FURTHER ORDERED** that the automatic stay of 11 U.S.C. § 362 shall be vacated without any further hearing or notice to allow Wachovia to proceed with its state law rights and remedies to recover and dispose of the Real Estate pursuant to applicable non-bankruptcy law including foreclosure, and, if appropriate, to confirm the foreclosure sale and to amend its claim in this case for any resulting deficiency. It is

**FURTHER ORDERED** that should the sale of the Real Estate or the Vehicle (if the Debtor fails to meet the conditions set forth herein) by Wachovia result in a surplus over and above the secured indebtedness due Wachovia, including any lawful expenses and attorneys' fees incurred by Wachovia, then Wachovia shall promptly deliver the surplus to the party or parties entitled to such funds as provided by applicable bankruptcy and non-bankruptcy law. Wachovia shall report any such distribution to the Office of the United States Trustee. It is

**FURTHER ORDERED** that this Order shall be effective and enforceable immediately upon entry.

3

CORP\1335078.2

Prepared and Presented by:

SMITH, GAMBRELL & RUSSELL, LLP

Michael S. Haber
Georgia Bar No. 316250
Nicholas J. Roecker
Georgia Bar No. 211708
Promenade II, Suite 3100
1230 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 815-3500

Attorneys for Wachovia Bank,
National Association

CORP\1335078.2

<u>Distribution List</u>

The Greater Bible Way Miracle Temple
International Fellowship, Inc.
3347 Hunters Pace Drive
Lithonia, Georgia 30038

Dorna Taylor
Taylor & Associates, LLC
Suite 500
1401 Peachtree Street
Atlanta, Georgia 30309

Martin G. Quirk
Quirk & Quirk
6000 Lake Forest Dr., NW, Suite 325
Atlanta, Georgia 30328

William DuPre, IV
Miller & Martin, PLLC
1170 Peachtree St., NE Suite 800
Atlanta, Georgia 30309-7649

James C. Morton
1005 Ridge Tarn
Atlanta, Georgia 30350

Thomas Dworschak
Office of the United States Trustee
362 Richard B. Russell Federal Bldg
75 Spring Street, SW
Atlanta, Georgia 30303

CORP\1335078.2

## CERTIFICATE OF SERVICE

I, Michael S. Haber, certify that I am over the age of 18 and that I served a copy of the foregoing **MOTION FOR ENTRY OF ORDER CONDITIONING AND VACATING THE AUTOMATIC STAY PURSUANT TO ORDER ON WACHOVIA BANK, NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. §362** by first class U.S. Mail, with adequate postage prepaid, addressed as follows:

The Greater Bible Way Miracle Temple
International Fellowship, Inc.
3347 Hunters Pace Drive
Lithonia, Georgia 30038

Dorna Taylor
Taylor & Associates, LLC
Suite 500
1401 Peachtree Street
Atlanta, Georgia 30309

Martin G. Quirk
Quirk & Quirk
6000 Lake Forest Dr., NW, Suite 325
Atlanta, Georgia 30328

William DuPre, IV
Miller & Martin, PLLC
1170 Peachtree St., NE Suite 800
Atlanta, Georgia 30309-7649

James C. Morton
1005 Ridge Tarn
Atlanta, Georgia 30350

Thomas Dworschak
Office of the United States Trustee
362 Richard B. Russell Federal Bldg
75 Spring Street, SW
Atlanta, Georgia 30303

Dated this 13th day of March, 2009.

/s/ Michael S. Haber
Michael S. Haber
Georgia Bar No. 316250
Nicholas J. Roecker
Georgia Bar No. 211708

Smith, Gambrell & Russell, LLP
Promenade II, Suite 3100
1230 Peachtree St., N.E.
Atlanta, Georgia 30309
404-815-3500

CORP\1335033.3